B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Nexicore Services, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**03-0489686** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**7916 Evolutions Way, Suite 106**<br>**New Port Richey, FL**<br>ZIP Code **34655-9900** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Pasco** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**3949 Heritage Oak Court**<br>**Simi Valley, CA**<br>ZIP Code **93063** | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Nexicore Services, LLC** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **See Attachment** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X_____<br>Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)  Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
Nexicore Services, LLC

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

#### Signature of Attorney*

X **/s/ John P. Sieger**
Signature of Attorney for Debtor(s)

**John P. Sieger 6240033**
Printed Name of Attorney for Debtor(s)

**Katten Muchin Rosenman LLP**
Firm Name

**525 West Monroe Street
Suite 1900
Chicago, IL 60661-3693**
Address

Email: john.sieger@kattenlaw.com
**312-902-5200  Fax: 312-902-1061**
Telephone Number

**December 12, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Brian Mittman**
Signature of Authorized Individual

**Brian Mittman**
Printed Name of Authorized Individual

**Chief Executive Officer**
Title of Authorized Individual

**December 12, 2011**
Date

In re   **Nexicore Services, LLC**                               ,   Case No. _____
                              Debtor

# FORM 1. VOLUNTARY PETITION
## Pending Bankruptcy Cases Filed Attachment

| Name of Debtor / District | Case No. / Relationship | Date Filed / Judge |
|---|---|---|
| **Hartford Computer Government, Inc.** <br> **Northern District of Illinois** | **Affiliate** | **12/12/11** |
| **Hartford Computer Group, Inc.** <br> **Northern District of Illinois** | **Affiliate** | **12/12/11** |
| **Hartford Computer Hardware, Inc.** <br> **Northern District of Illinois** | **Affiliate** | **12/12/11** |

**WRITTEN CONSENT OF THE SOLE MANAGER
OF
NEXICORE SERVICES, LLC**

As of this 12th day of December, 2011, the undersigned, being the sole manager of Nexicore Services, LLC (the "Company"), a Delaware limited liability company, acting as permitted by the terms of the Amended and Restated Limited Liability Company Agreement dated August 15, 2008 and as permitted by the Delaware Limited Liability Company Act, does hereby consent and agree to the adoption of the following resolutions, in lieu of holding a special meeting of the sole manager of the Company:

WHEREAS, the sole manager has reviewed the materials presented by the management and the financial and legal advisers of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's businesses; and

WHEREAS, the sole manager has had the opportunity to consult with the management and the financial and legal advisers of the Company and fully consider each of the strategic alternatives available to the Company.

I. **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code.**

NOW, THEREFORE, BE IT RESOLVED THAT: In the judgment of the sole manager, it is desirable and in the best interests of the Company, its creditors, stockholders, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and an application for relief under Part IV of the Canadian Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), on or before December 12, 2011;

BE IT FURTHER RESOLVED THAT: Each of the sole manager, and such other officers as may be designated by the sole manager (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to

employ the law firm of Katten Muchin Rosenman LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Katten Muchin Rosenman LLP;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Paragon Capital Partners, LLC as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Paragon Capital Partners, LLC;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the law firm of Thornton Grout Finnigan LLP as special counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and the CCAA and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and CCAA proceeding, and to cause to be filed an appropriate application for authority to retain the services of Thornton Grout Finnigan LLP;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice

and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Kurtzman Carson Consultants LLC; and

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code including, but not limited to, Grant Thornton LLP to provide testimony in support of a motion in the chapter 11 case authorizing the Company to implement a key employee incentive plan on the terms approved by the sole manager; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and to cause to be filed an appropriate application for authority to retain the services of Grant Thornton LLP and any other professionals as necessary.

II. **Debtor-In-Possession Financing.**

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to negotiate, execute, deliver and cause the Company to perform its obligations under (i) a secured superpriority debtor–in-possession credit agreement (the "Credit Agreement"), among the Company and its affiliated entities, as debtors and debtors-in-possession in cases pending under chapter 11 of the Bankruptcy Code, as borrowers, and Delaware Street Capital Master Fund, L.P., as lender, substantially in the form and on the terms and conditions presented to the sole manager and (ii) the other agreements contemplated by the Credit Agreement, including pledge agreements, security agreements, mortgages, financing statements and any other similar documents in connection with granting a security interest in or a pledge of the Company's assets as collateral to secure the Company's obligations under the Credit Agreement and any other agreements or documents (the documents

3

described in this clause (ii) are collectively referred herein as the "Other Financing Documents"), as any Authorized Officer determines is necessary, proper, or desirable to consummate the transactions contemplated by the Credit Agreement and the Other Financing Documents;

BE IT FURTHER RESOLVED THAT: All acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Credit Agreement and the Other Financing Documents be, and hereby are, in all respects confirmed, approved, and ratified.

**III.    Asset Purchase Agreement.**

WHEREAS: Each of the Company and Hartford Computer Group, Inc. (collectively, "Sellers"), seeks to sell substantially all of its assets to Avnet, Inc., a New York corporation ("Avnet"), and Avnet International (Canada) Ltd., an Ontario corporation ("Avnet Canada" and, together with Avnet, "Buyers"); and

WHEREAS: the sole manager has considered the material terms of that certain Asset Purchase Agreement (the "Purchase Agreement"; all capitalized terms used herein but not defined herein shall have the meaning ascribed such term in the Purchase Agreement), by and among Sellers and Buyers, a form of which has been previously provided to, and reviewed by, each of the undersigned and deems it advisable and in the best interests of the Company to enter into the Purchase Agreement to which the Company is a party.

NOW, THEREFORE, BE IT RESOLVED THAT: The Purchase Agreement and all exhibits and schedules thereto are hereby authorized, approved and confirmed in all respects;

BE IT FURTHER RESOLVED THAT: The form, terms and provisions of the Purchase Agreement and each Transaction Document to which the Company is a party, be and hereby are, authorized, confirmed and adopted in all respects;

BE IT FURTHER RESOLVED THAT: The Company is authorized to enter into, execute and deliver the Purchase Agreement and, subject to the approval of the Bankruptcy Court and the CCAA Court, to (a) perform all of its obligations thereunder and (b) take all actions contemplated thereby;

BE IT FURTHER RESOLVED THAT: The Company is authorized to file a motion to approve such sale and for any related relief, or to approve a sale to one or more higher and better

4

bidders, and to close such sales, subject to the approval of the Bankruptcy Court and the CCAA Court;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers are hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the Purchase Agreement in substantially the form approved herein, with such changes thereto as such Authorized Officer shall deem to be acceptable and appropriate, his or her approval and the approval of the Board of which to be conclusively evidenced by his or her execution and delivery thereof; and

BE IT FURTHER RESOLVED THAT: Subject to the approval of the Bankruptcy Court and the CCAA Court, the Authorized Officers are hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute, deliver and perform the Company's obligations under any other agreements, instruments or other documents, all as in the judgment of such officer or officers may be deemed necessary, advisable or appropriate in order to consummate the transactions contemplated by the Purchase Agreement and Transaction Documents and perform the Company's obligations thereunder and otherwise carry out the purposes of the foregoing resolutions, and the execution and delivery thereof shall be conclusive evidence that the same were in all respects hereby fully authorized and approved.

## IV.     **Further Actions and Prior Actions.**

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered for, in the name of and on behalf of the Company to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions;

BE IT FURTHER RESOLVED THAT: All acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

**IN WITNESS WHEREOF**, the undersigned being the sole manager of the Company, has executed this Written Consent on and as of the 12 day of DEC, 2011.

_____
Brian Mittman

60907811